UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHAW, on behalf of himself and the Class Members,<br><br>Plaintiff,<br><br>v.<br><br>ELITE LINE SERVICES, INC., DAIFUKU AMERICA CORPORATION, and DAIFUKU NORTH AMERICA HOLDING COMPANY,<br><br>Defendants. | Case No. 1:21-cv-01084-ADA-CDB<br><br>ORDER GRANTING IN PART PLAINTIFFS' *EX PARTE* APPLICATION TO MODIFY BRIEFING SCHEDULE ON MOTION FOR CLASS CERTIFICATION<br><br>(Doc. 40) |

Pending before the Court is the "Ex Parte Application" of Plaintiff Michael Shaw, filed October 6, 2023 (Doc. 40), in which he requests a 90-day extension of the date by which he must file his motion for class certification (currently due on October 24, 2023) and all related briefing and hearing dates. Plaintiff's request is based on his asserted need to take additional discovery prior to filing his motion. Defendant Elite Line Services, Inc. ("ELS") filed an opposition to Plaintiff's application on October 9, 2023 (Doc. 41),[1] and Plaintiff file a reply on October 10, 2023. (Doc. 42). Plaintiff did not notice a hearing date on the motion. Having reviewed the

---

[1] Defendants Daifuku North America Holding Co. and Daifuku America Corp. did not file a separate or join in ELS's opposition because the parties had agreed these Defendants were to be dismissed. (Doc. 41 at 2 n.1). Subsequent to Plaintiff's filing of the instant application, the parties stipulated to the dismissal of these two defendants. (Doc. 43).

parties' briefs and their supporting declarations with exhibits, the Court concludes Plaintiff's application is suitable for disposition without hearing or oral argument. *See* Local Rule 230(g). For the reasons set forth below, the Court makes the following rulings.

I. **Background**

    **A. Factual and Procedural Background**

Plaintiffs filed their complaint on July 12, 2021. (Doc. 1). In that operative complaint, Plaintiff seeks to represent a class of current and former non-exempt, hourly employees of Defendant throughout California during the time period of July 12, 2017, to the resolution of the action. Plaintiff alleges Defendant violated various provisions of the California Labor Code and Unfair Competition Law in connection with failing to pay wages and overtime, to permit meal and rest breaks, to reimburse for eligible expenses, and for other employment practices.

A Scheduling Order was entered on January 24, 2022, in which the Court adopted the parties' joint request to set January 13, 2023, as a deadline for Plaintiffs' motion for class certification, and May 5, 2023, as the deadline for completing nonexpert discovery relevant to the class certification motion. (Doc. 22 p. 10; Doc. 23 pp. 2, 4).

In furtherance of the parties' expressed intent to explore early mediation on September 6, 2022, the parties "paused formal discovery" and on August 8, 2022, sought a stipulated order from the Court extending by approximately six months the deadlines for filing the class certification motion and for completing nonexpert discovery relevant to the class certification motion. (Doc. 27). In support of the parties' stipulation, counsel for Plaintiff attested the parties "agreed in principle" to mediate the action on or about March 17, 2022 – approximately eight weeks after discovery opened. (Doc. 27-1 ¶ 5). Reportedly, the parties worked for approximately the next three months to ultimately agree upon a mediator and mediation date. (*Id.* ¶ 6).

Counsel for Plaintiff attested that, should mediation be unsuccessful, the four months remaining within the then-existing case management dates to complete nonexpert discovery and prepare and file a motion for class certification would be insufficient. (*Id.* ¶ 8). Counsel declared that she believed the requested six-month extension would "provide the necessary time for both Parties to sufficiently prepare for class certification briefing should the good faith mediation be

unsuccessful." (*Id*. ¶ 8). On August 11, 2022, the Court granted the parties' request and extended Plaintiff's deadline to file his class certification motion to July 24, 2023, and the deadline for completing nonexpert discovery relevant to the class certification motion to November 6, 2023. (Doc. 28).

In advance of the mid-discovery status conference, on February 6, 2023, the parties filed their joint mid-discovery status report in which they reported that mediation had been unsuccessful and that they reinitiated discovery shortly afterwards. (Doc. 32 p. 2). As the parties were unable following meet/confer efforts both before and after the mid-discovery status conference to resolve certain discovery disputes, the Court convened the parties for an informal discovery dispute conference on April 6, 2023. (Docs. 34, 38, 39). Specifically, following the parties' recommencement of discovery in early-October 2022, Defendants did not produce documents sought by Plaintiffs and declined to produce time records and wage statements until after completion of the *Belaire West* Notice procedure (anticipated at that time to occur in early-March 2023).[2] (Doc. 32 p. 5). Defendants also were unwilling to produce a sampling of putative class members' wage data of the size Plaintiff requested.

In connection with the discovery dispute, Plaintiff requested that the Court extend his deadline for filing the motion for class certification by between three and six months (depending on the substance of the Court's anticipated order resolving the parties' discovery dispute) following Defendant's anticipated document production to be ordered by the Court. (Doc. 37 p. 6). On April 6, 2023, the Court entered an order addressing the parties' discovery dispute and granted a three-month extension of the time to file the class certification motion (by October 24, 2023) and to complete class-related discovery (by February 6, 2024). (Doc. 39).

**B. Plaintiff's *Ex Parte* Application and the Party's Contentions**

Consistent with the Court's order resolving the parties' discovery dispute (Doc. 39), Defendant produced the requested time/pay records to Plaintiff on April 21, 2023. (Bylsma Decl. ¶ 16).

---

[2] Defendants did produce approximately 205 pages of documents in late-February 2023 following the mid-discovery status conference. (Doc. 40-1 ("Bylsma Decl.") ¶¶ 11-12).

   Approximately one month later, on May 26, 2023, Plaintiff emailed to counsel for Defendant a draft of a Rule 30(b)(6) deposition notice with counsel's dates of availability to convene for those depositions in June and July.  (*See* Doc. 42 ("Bylsma Suppl. Decl."), Ex. 1). However, the deposition notice was not served until June 27, 2023; shortly thereafter, the Rule 30(b)(6) depositions were scheduled among counsel to proceed on July 18 and 21, 2023. (Bylsma Decl. ¶ 21).

   In mid- to late-September 2023, Plaintiff "began conducting in-depth analysis" of the transcripts of Defendant's Rule 30(b)(6) depositions "in order to evaluate the adequacy of ELS' previous responses to Plaintiff's First Set Discovery Requests," and to determine "whether additional discovery was necessary for class certification." (Doc. 40 pp. 3-4).  Based on this transcript review, it appears Plaintiff first expressed to Defendant his desire for additional discovery and an extension of the briefing schedule for his anticipated motion for class certification on September 25, 2023.  *Id*. p. 4.  When Defendants declined to support the request, on October 5, 2023, Plaintiff transmitted to Defendants a letter requesting supplemental responses to nine requests for production of documents and notices of deposition for eight witnesses. (Bylsma Decl. ¶ 33 & Ex. 1).  Plaintiff's letter also notified Defendant of his intent to file a motion to compel responses to certain questions posed during deposition for which he claims deponents were improperly instructed to not answer.

   The day after Plaintiff transmitted his letter to Defendants (October 6, 2023), Plaintiff filed the instant application seeking a 90-day extension of his time to file his motion for class certification.  Plaintiff argues that the relief he seeks is justified because he "diligently pursued class certification discovery" and "the discovery issues and need for additional discovery only solidified after the completion of Defendant's 30(b)(6) depositions." (Doc. 40 p. 5; Doc. 42 p. 1). Defendant opposes on the grounds that Plaintiff did not "act expeditiously in seeking to extend the deadline" for filing the motion for class certification, did not explain in his application how the requested, supplemental discovery "is relevant to his class certification motion," and bears responsibility for any delay in undertaking the Rule 30(b)(6) depositions.  (Doc. 41 p. 2).

**II.     Standard of Law**

District courts enter scheduling orders to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id*. (quotation and citation omitted). Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. *Id*. If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic. v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609). In part, "good cause" requires a party to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference. . ." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).

**III.    Discussion**

Although neither party acknowledges in their briefing the governing standard under *Johnson*, both sides refer to "diligence" and "good cause," suggesting they implicitly accept that the party seeking an amendment to a case scheduling order must demonstrate both. As set forth above, good cause primarily considers the diligence of the party seeking the amendment. *Johnson*, 975 F.3d at 609.

The Court concludes that Plaintiff has not demonstrated sufficient diligence to warrant an additional 90-day extension of the deadline to file his motion for class certification.

First, Plaintiff argues that his request for a further extension of case management dates is

5

1  only now coming to the Court (just 18 days before his class certification motion is due) because
2  "the discovery issues and need for additional discovery only solidified after the completion of
3  Defendant's 30(b)(6) depositions." (Doc. 42 p. 1). However, at least some of Plaintiff's recently
4  propounded requests for supplemental responses to earlier written discovery reasonably could
5  have been (or, in fact, were) anticipated before the Rule 30(b)(6) depositions.

6  For instance, Plaintiff's recently propounded requests for supplemental discovery
7  responses include a request for "wage statements" for the representative sampling of putative
8  class members so that Plaintiff may "assess the issue of Defendant's failure to incorporate shift
9  premium pay in overtime and premium payments to the Class." (Bylsma Decl. Ex. 1). However,
10 one of Plaintiff's central claims in this action is that Defendant "fail[ed] to pay premium
11 compensation for missed meal and rest breaks." (Compl. ¶¶ 2, 27, 31, 81, 89, 91). Importantly,
12 Plaintiff specifically alleges in the complaint that the class members' "wage statements do not
13 include premium pay for missed … breaks." (Compl. ¶¶ 34, 110). Thus, contrary to his
14 argument now, it did not only become apparent after the deposition of Ms. Newman in July 2023
15 that he needed wage statements – it was apparent when he filed his complaint and alleged the
16 wage statements evidenced unlawful conduct.

17 Plaintiff's recently propounded requests for supplemental discovery responses also
18 include a request for manual timesheets for all class members. (Bylsma Decl. Ex. 1). When
19 Defendant responded to the original version of this request for production of documents in
20 October 2022, Defendant objected and expressed an intent to produce a representative sampling
21 of time records following completion of the *Belaire-West* Notice procedure. (Doc. 41-1 ("Nhan
22 Decl.") Ex. B). Ultimately, the parties brought to the Court issue the issue of timekeeping/payroll
23 data sampling for resolution through informal discovery dispute procedures, and Plaintiff
24 specifically recommended that Defendants be ordered to "convert electronically stored pay and
25 time information into Excel spreadsheets." (Doc. 37 p. 6; Doc. 39). Because the Court resolved
26 this issue along the lines Plaintiff proposed, his request now for a different form of discovery –
27 and a concomitant extension of motion briefing dates – is unavailing.
28 Even where certain discovery issues may not have been entirely evident before taking

1  Rule 30(b)(6) depositions, the Court notes that Defendant timely produced the 50% representative
2  sampling of putative class members' time and pay records to Plaintiff on April 21, 2023, enabling
3  Plaintiff thereafter to quickly prepare for, notice and take Defendant's Rule 30(b)(6) depositions.
4  Plaintiff offers no reason or excuse why he delayed for more than two months before serving on
5  Defendant his Rule 30(b)(6) deposition notices. (Bylsma Decl. ¶¶ 16, 18).  The Court
6  acknowledges that Plaintiff commenced informal discussions with Defendant one month earlier to
7  coordinate the depositions.  However, given the Court's multiple extensions of time to complete
8  nonexpert discovery and Defendant's expressed position in April 2023 that it was then amendable
9  to "*one final*" extension of 90 days (Doc. 27 at 2) (emphasis in original), it was incumbent on
10 Plaintiff to work expeditiously within the extended time afforded to notice and take the desired
11 depositions.

12      And with respect to those discovery issues that could not have been reasonably anticipated
13 until completion of the Rule 30(b)(6) depositions, the Court nevertheless disputes that Plaintiff's
14 recently propounded discovery requests are timely.  As one example, Plaintiff served on
15 Defendant notices of deposition on October 5, 2023, for eight individuals.  (Bylsma Decl. Ex. 1).
16 At least three of those people (Clabaugh, Kahalle and Willis) were identified as relevant
17 witnesses during a Rule 30(b)(6) deposition on July 21, 2023.  (*Id*., Ex. 6).  Thus, with more than
18 two months remaining before his class certification motion was due, Plaintiff could have
19 expeditiously served notices of deposition on at least some of these individuals and, in all
20 likelihood, had the benefit of their testimony for his anticipated motion within the existing
21 schedule.  *See, e.g., MiCamp Sols. LLC v. Nat'l Processing LLC*, No. CV-19-05468-PHX-MTL,
22 2021 WL 289661, *3 (D. Ariz. 2021) ("That Plaintiff filed the motion nearly one month after
23 [discovering relevant facts] does not indicate diligence."); *Ogier v. KC Care, LLC*, No. 3:18-cv-
24 00361-YY, 2019 WL 3210089, *3 (D. Or. 2019) (finding lack of diligence where party waited
25 just over two months and noting that "Courts have held that ... waiting two months after discovery
26 of new facts to file a motion for leave to amend does not constitute diligence under Rule 16").

27      Plaintiff argues he demonstrated diligence in quickly reviewing the deposition transcripts
28 once they became available to identify deficiencies in Defendant's earlier discovery responses

1 and propound supplemental discovery.³ The Court acknowledges there may be some
2 circumstances where it is appropriate for counsel to wait to receive deposition transcripts before
3 taking action. For instance, prior to amending a complaint to add new parties and claims based
4 on deposition testimony, counsel wisely might await receipt of the transcripts to review and make
5 certain the testimony supports the new amendments. *See Leibel v. City of Buckeye*, No. CV-18-
6 01743-PHX-DWL, 2019 WL 4736784, *3 (D. Ariz. Sept. 27, 2019). But those are not the
7 circumstances here. As set forth above, Plaintiff reasonably could have anticipated during the
8 July 21 depositions that at least three witnesses employed by Defendants should be deposed – he
9 had no need to wait to receive and review deposition transcripts and serve deposition notices
10 more than two months later.

11 Plaintiff argues, "it makes no sense for Plaintiff to have raised partial issues while the
12 Defendant's 30(b)(6) depositions were ongoing." (Doc. 42 p. 1). He speculates that any action
13 taken mid-discovery could have been undermined by subsequent Rule 30(b)(6) testimony or at
14 least would not have the benefit of any modification to the testimony offered during the
15 subsequent depositions. However, his suggestion that acting diligently during the course of
16 depositions conceivably would have permitted Defendants to strategically "take back" (*id.*)
17 testimony is not compelling. Thus, the fact that Ms. Nelson testified she was familiar with three
18 current and one former supervisor who reportedly told employees to turnoff radios during breaks
19 (*see* Bylsma Decl. Ex. 6) could not be affected materially by any subsequent deponents'
20 testimony. Contrary to Plaintiff's characterization, it would have made all the sense in the world
21 to endeavor to work as effectively and efficiently as possible within the existing discovery
22 schedule to complete discovery, instead of waiting until Plaintiff's only recourse was an *ex parte*
23 request for relief.

24                \*     \*     \*     \*     \*

---

³ Plaintiff represents he first received deposition transcripts in or around mid-September 2023 – presumably first with respect to the first Rule 30(b)(6) deposition completed (on July 18, 2023). (Bylsma Decl. ¶¶ 23, 28-29). Plaintiff makes no representation that he requested expedited production of transcripts, and based on the 30+-day delay between the first deposition and Plaintiff's report first receipt of a transcript, it does not appear he did, in fact, seek to expedite transcript production.

1      With these principles and the background of the case in mind, the Court concludes that a
2 *limited* extension of the filing deadline for Plaintiff's class certification motion is warranted.
3      Entitlement to the type of *ex parte* relief Plaintiff seeks requires a showing that he "used
4 the entire discovery period efficiently and could not have, with due diligence, sought to obtain the
5 discovery earlier in the discovery period." *Mission Power Eng'g Co. v. Cont'l Cas. Co*., 883 F.
6 Supp. 488, 493 (C.D. Cal. 1995).  As set forth above, the Court finds that the predicament
7 Plaintiff finds himself in largely is of his own making to the extent he did not timely notice Rule
8 30(b)(6) depositions and did not timely seek supplemental discovery knowing that he was
9 operating under an already-extended discovery schedule.
10     Nevertheless, the Court is aware from the parties' earlier filings and their briefing in
11 connection with the instant application that both sides generally appear to be collaborative, to
12 meet and confer in earnest and operate in good faith.  For those reasons, the Court deems it
13 possible that some of Plaintiff's recently propounded requests for supplemental discovery and
14 depositions could not have been reasonably anticipated and sought until after the final round of
15 Rule 30(b)(6) depositions.
16     While the Court will grant to Plaintiff a limited extension of time within which to file his
17 motion for class certification, it cautions Plaintiff to prioritize his discovery efforts and not
18 unnecessarily present for the Court's expedited resolution during this expanded time any
19 discovery disputes that undermine his ability to timely file his motion for class certification.
20 / / /
21 / / /
22 / / /

9

**IV.     Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED, the briefing schedule on Plaintiff's motion for class certification (Doc. 39) is modified as follows:

    Motion filing deadline: 11/23/2023

    Opposition filing deadline: 12/22/2023

    Reply filing deadline: 1/8/2024

    Motion hearing: 3/6/2024 (10:30 a.m.)

IT IS SO ORDERED.

Dated:   **October 13, 2023**                   _____
                                                           UNITED STATES MAGISTRATE JUDGE